UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT G. SOUCY JR.<br><br>Defendant. | Docket no. 1:23-cr-81-SM-AJ-01<br><br>21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)<br>Distribution of Controlled Substances |

## INDICTMENT

The Grand Jury charges:

1.  **ROBERT G. SOUCY JR.**, a Doctor of Osteopathic Medicine, was licensed by the State of New Hampshire Board of Medicine to practice osteopathic medicine in the State of New Hampshire.

2.  As part of his practice, **ROBERT G. SOUCY JR.** prescribed controlled substances, including highly addictive opioids, under his U.S. Drug Enforcement Administration ("DEA") registration number: B21092612.

3.  **ROBERT G. SOUCY JR.** routinely prescribed various Schedule II and Schedule IV controlled substances to his patients and other individuals, outside the usual course of professional practice and without a legitimate medical purpose.

## BACKGROUND ON CONTROLLED SUBSTANCES

4.  The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. Under the CSA, the DEA regulated certain pharmaceutical drugs designated as "controlled substances" because of their potential for abuse or dependence, their accepted medical use, and their accepted safety for use under medical supervision. *See* 21 U.S.C. § 802(6).

5.  The DEA issued registration numbers to qualifying practitioners, including

1

physicians, which permitted them to dispense Schedule II, III, IV, and V controlled substances consistent with the terms of that registration. 21 U.S.C. § 822.

6. Fentanyl, oxycodone, hydromorphone, and methadone were Schedule II controlled substances. Lorazepam and diazepam were Schedule IV controlled substances.

7. Under the CSA, it was unlawful to distribute or dispense a controlled substance, unless otherwise authorized by law. 21 U.S.C. § 841(a)(1). Except in limited circumstances, Schedule II controlled substances could not be dispensed without a written prescription. 21 U.S.C. § 829. "A prescription for a controlled substance to be effective must [have] be[en] issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04. "The responsibility for the proper prescribing and dispensing of controlled substances is upon the practicing prescriber …." *Id*. "An order purporting to be a prescription issued not in the usual course of professional treatment … [was] not a prescription within the meaning and intent of [S]ection [ ] 829 …."). *Id*.

## COUNTS 1–12
## 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)
## Distribution of Controlled Substances

8. Paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

9. On or about the dates listed below, in the District of New Hampshire, and elsewhere, the defendant,

**ROBERT G. SOUCY JR.,**

knowingly and intentionally distributed a controlled substance, pursuant to a purported prescription that was not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice, as set forth below:

2

| Count | Substances Distributed To | Approximate Date Prescription Filled | Substance Name |
|---|---|---|---|
| 1 | Patient 1 | November 21, 2022 | Fentanyl |
| 2 | Patient 2 | November 21, 2022 | Fentanyl |
| 3 | Patient 1 | January 5, 2023 | Hydromorphone |
| 4 | Patient 1 | January 5, 2023 | Oxycodone |
| 5 | Patient 1 | January 11, 2023 | Fentanyl |
| 6 | Patient 1 | March 7, 2023 | Fentanyl |
| 7 | Patient 1 | March 15, 2023 | Hydromorphone |
| 8 | Patient 1 | March 16, 2023 | Lorazepam |
| 9 | Patient 1 | March 18, 2023 | Oxycodone |
| 10 | Patient 1 | March 18, 2023 | Diazepam |
| 11 | Patient 2 | March 18, 2023 | Fentanyl |
| 12 | Patient 2 | March 24, 2023 | Methadone |

Each in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses alleged in Counts One through Twelve of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the charged offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the charged offenses.

A TRUE BILL.

Dated: September 13, 2023

/s/ Foreperson
Foreperson of the Grand Jury


JANE E. YOUNG
United States Attorney
District of New Hampshire

GLENN S. LEON
Chief
United States Department of Justice
Criminal Division, Fraud Section

By:   /s/ Patrick J. Queenan
Patrick J. Queenan
Trial Attorney
Criminal Division, Fraud Section

/s/ Geoffrey W. R. Ward
Geoffrey W.R. Ward
Assistant United States Attorney